SUPERIOR COURT
OF THE
STATE OF DELAWARE

CRAIG A. KARSNITZ
JUDGE

1 The Circle, Suite 2
GEORGETOWN, DE 19947

February 20, 2019

Raeann Warner, Esquire
Jacobs & Crumplar P.A.
750 Shipyard Drive, Suite 200
Wilmington, DE 19801

Neal J. Levitsky, Esquire
Fox Rothchild, LLP
919 North Market Street, Suite 300
Wilmington, DE 19899

N448 - STATE MAIL
Scott Bicking
SBI# 751626
1301 E. 12th Street
Wilmington, DE 19801

Seth A. Niederman, Esquire
Fox Rothchild, LLP
919 North Market Street, Suite 300
Wilmington, DE 19899

Nancy C. Cobb, Esquire
Chrissinger & Baumberger
Three Mill Road, Suite 301
Wilmington, DE 19806

Mark L. Reardon, Esquire
Eckert Seamans Cherin & Mellot
222 Delaware Avenue, 7th Floor
Wilmington, DE 19801

Kasey H. DeSantis, Esquire
Fox Rothchild, LLP
919 North Market Street, Suite 300
Wilmington, DE 19899

Christian J. Singewald, Esquire
White and Williams LLP
Courthouse Square
600 North King Street, Suite 800
Wilmington, DE 19801

RE:     *Doe et al. v. Bicking et al.*
        C.A. No. S14C-05-026

Date Submitted: February 19, 2019
Date Decided: February 20, 2019

*Defendant Scott Bicking's Motion to Stay further proceedings. Denied.*

Dear Mr. Bicking and Counsel:

Before me is the Defendant's Scott Bicking's Motion to Stay all proceedings.

Mr. Bicking appearing *pro se* submitted a handwritten motion. His claim is that his attorney was

permitted to withdraw and he cannot to afford substitute counsel. The request is to stay the case

until such time as Mr. Bicking is released from the custody of Department of Corrections and can obtain employment to be able to afford counsel. His motion indicated he expects to be released from custody in October of 2019. Finally, Mr. Bicking requested a stay of "no longer than 24 months".

I have received the responses to the motion filed by Plaintiffs and Defendants and Third Party Plaintiffs, CCB Land Investments, LLC d/b/a, The Pond Ice Arena and The Pond, Inc. Both parties oppose the motion.

One of these consolidated cases was filed in May of 2014 when the Plaintiff was 12 years old, and the second was filed in September of 2015 when the Plaintiff was 13 years old.

The cases have already been stayed over Plaintiff's opposition for the period from October 2014 until June of 2015 while Defendant Bicking's criminal trial was pending. In November 2016 Defendant Scott Bicking filed for bankruptcy and the case was stayed by operation of law. As a result it was moved to the bankruptcy docket. Plaintiffs successfully litigated a motion for nondischargability and relief from the automatic stay in the Bankruptcy Court for the District of New Jersey. On March 2, 2018 this Court lifted the second stay. In September 2018 a Scheduling Order was issued including a trial date for March of 2020.

This case has been delayed far too long. The previous significant delays were directly related to Defendant Bickings criminal trial and his subsequent bankruptcy. While I understand Mr. Bicking's request and his desire to be able to afford counsel, he has no right to a lawyer in this civil case. See *Jenkins v. Dover Police Com'r*. 2002 WL 663912 (Del. Super. Ct., April 5, 2002). This Court has the inherit power to control its docket including granting the relief requested. However, in my view, the power to delay a case should be exercised sparingly. The old saw of justice delayed is justice denied has much vitality. In addition the party

requesting a stay has the burden of showing that his rights will be violated. *Estate of Bennett v. Tice*, 2014 WL 997142 (Del. Super. Ct., March 13, 2014).

No constitutional rights of Defendant Bicking will be violated by allowing this case to proceed. In addition it would be grossly unfair to all remaining parties to not bring this case to as a rapid a conclusion as possible. As a result I am denying Defendant Bicking's Motion for Stay.

**IT IS SO ORDERED**

Very truly yours,

Craig A. Karsnitz

CAK/lml

oc: Prothonotary